UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROGERS V. ATKINS**<br>         **LA. DOC #101861**<br>**VS.** | **CIVIL ACTION NO. 3:13-cv-1917**<br><br>**SECTION P**<br><br>**JUDGE DONALD E. WALTER** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Rogers V. Atkins, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* (28 U.S.C. §2254) on June 17, 2013. Petitioner attacks his 1983 conviction for murder and the life sentence imposed thereon by Louisiana's Fourth Judicial District Court, Morehouse Parish in case number 82-384-F of that court's docket. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

*Statement of the Case*

Petitioner was charged with first degree murder in case number 82-384-F of the Fourth Judicial District Court, Morehouse Parish. He ultimately pled guilty to second degree murder and was sentenced to serve life without parole.  His first petition for writ of *habeas corpus* in this Court was denied with prejudice on May 22, 1989. *See Rogers V. Atkins v. Warden*, Civil Action No. 3:87-cv-1905. A subsequent writ application was denied without prejudice for failure to prosecute. *Rogers V. Atkins v. Warden*, Civil Action No. 3:97-cv-0142.

Petitioner filed a third petition for *habeas corpus* in this Court on November 6, 2000. Therein he claimed that he was entitled to *habeas corpus* relief because of a defect in the indictment which rendered his sentence illegal. On April 4, 2001, the petition was deemed successive and the action was stayed and petitioner was instructed to obtain authorization for filing from the Fifth Circuit within sixty days or suffer dismissal. He failed to obtain authorization and his petition was dismissed on September 18, 2001. *Rogers V. Atkins v. Warden*, Civil Action No. 3:00-cv-2488.

Meanwhile, on October 16, 2000, petitioner filed a motion for authorization to file a successive petition in the Fifth Circuit Court of Appeals. On December 5, 2000, the Fifth Circuit denied authorization. *Atkins v. Warden*, No. 00-31222.

On August 8, 2008, petitioner filed another motion for authorization to file a successive *habeas* petition, again alleging defects in the indictment. On October 7, 2008, the Fifth Circuit again denied authorization for filing. *Atkins v. Warden*, No. 08-30808.

As noted above, petitioner filed the instant petition on June 17, 2013. He once again contends that his conviction and sentence were unlawful because of defects in the indictment or grand jury proceedings.

*Law and Analysis*

Title 28 U.S.C. §2244(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). However, the later petition is successive when it:

"(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

Petitioner's first *habeas corpus* was, as shown above, dismissed with prejudice. Each subsequent attempt to obtain authorization from the Fifth Circuit was rejected. As petitioner must now be aware, given the history of this litigation, before he may file a successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite *prima facie* showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). A review of the Fifth Circuit's PACER case index reveals that petitioner has not obtained permission to file the instant petition. Until such time as petitioner obtains authorization, this court is without subject matter jurisdiction and is unable to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir .2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be deemed successive and **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the** *proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)* days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  *See* 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, August 8, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE